```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     JACKSONVILLE DIVISION
```

JAMES E. PHILLIPS III,

        Petitioner,

vs.                                Case No. 3:05-cv-520-J-32MMH

JAMES R. MCDONOUGH,[1] et al.,

        Respondents.

## ORDER[2]

### I. Status

Petitioner, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on June 8, 2005. He is proceeding on an Amended Petition (Doc. #9), in which he challenges his 1997 state court (Duval County) conviction for battery on a law enforcement officer and possession of a firearm by a convicted felon. He raises the following three grounds for relief: (1) Petitioner was denied due process of law because his sentence was enhanced based upon erroneous factual

---

[1] James R. McDonough, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

findings, resulting in an illegal sentence; (2) Petitioner's current imprisonment is unlawful because he has completed his lawful sentence and the state courts' denial of relief has denied him due process of law; and, (3) Petitioner is entitled to the issuance of a writ of habeas corpus as relief from his unlawful imprisonment.  Petitioner also filed a "Memorandum of Law in Support of Petitioner's Petition of Writ of Habeas Corpus 28 U.S.C. § 2254" (Doc. #6) (hereinafter Petitioner's Memorandum), with supporting exhibits (hereinafter Petitioner's Ex.)[3].

On September 2, 2005, Respondents filed their Response to Petition for Habeas Corpus, and Memorandum in Support (Doc. #11) (hereinafter Response).  Petitioner has replied.  See Response to Respondents' Response for the Court's Order to Show Cause by Respondents (Doc. #14), filed September 19, 2005; Petitioner's Amended Reply (Doc. #15), filed October 5, 2005.  Thus, this case is ripe for review.[4]

## II.  Evidentiary Hearing

A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven,

---

[3] The Court has sequentially numbered the pages of Petitioner's Ex. at the bottom center of each page.

[4] The lengthy state court procedural history is fully set forth in the Response. See Response at 1-5.  Respondents concede that this action was timely filed and do not assert that any of Petitioner's claims have been procedurally defaulted.  Therefore, the Court will not summarize the state court procedural history.

2

would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

### III. Findings of Fact and Conclusions of Law

In ground one, Petitioner claims that he has been denied due process of law because he was sentenced as an habitual felony offender when he did not, in fact, qualify to be sentenced as such. He asserts that the habitual offender designation did not apply to him because he was sentenced at the same proceeding for the two prior cases that were used as the predicate offenses, and the habitual offender statute requires that the two prior offenses be sequential. Respondents contend, and this Court agrees, that this claim presents an issue of state law that is not cognizable on federal habeas review.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722, reh'g

denied, 501 U.S. 1277 (1991). "Federal habeas relief is unavailable 'for errors of state law.'" Jamerson v. Secretary for Dept. of Corrections, 410 F.3d 682, 688 (11th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

The Eleventh Circuit has found that it is well established that federal courts cannot review a state's failure to adhere to its own sentencing procedures.

> [W]e consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures. Jones v. Estelle, 622 F.2d 124, 126 (5th Cir.), cert. denied, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980); Nichols v. Estelle, 556 F.2d 1330, 1331 (5th Cir. 1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." Willeford, 538 F.2d at 1198.

Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988), cert. denied, 531 U.S. 1170 (2001).

The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992). As succinctly stated by the Eleventh Circuit:

> A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. Bronstein

> v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 507 U.S. 975, reh'g denied, 507 U.S. 1046 (1993).

In sum, Petitioner's sentencing error claim presents an issue of state law that is not cognizable on federal habeas review. Even though Petitioner has couched this alleged sentencing error in terms of a due process violation, it is clear that he is not entitled to relief from this Court on the basis of this claim. Accordingly, Petitioner's claims under grounds two and three must also fail.

Finally, insofar as Petitioner contends in ground two that the state courts' denials of his applications for post-conviction relief have deprived him of due process of law, such a claim does not present an issue that is cognizable on federal habeas review. The Eleventh Circuit has noted:

> In Spradley v. Dugger, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas

5

>   relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. <u>See Spradley</u>, 825 F.2d at 1568.

<u>Quince v. Crosby</u>, 360 F.3d 1259, 1261-62 (11th Cir.), <u>cert</u>. <u>denied</u>, 543 U.S. 960 (2004).

Thus, for the above-stated reasons, the Amended Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Amended Petition (Doc. #9) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.  The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of February, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 2/20
c:
James E. Phillips III
Senior Assistant Attorney General Charles R. McCoy